IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DISTRICT

**TYGRIS VENDOR FINANCE, INC.**                                                      **PLAINTIFF**
**f/k/a US EXPRESS LEASING, INC.**

v.                                            4:09CV00492-WRW

**NORMAN PLEDGER DR., individually**                                              **DEFENDANT**
**and d/b/a PROTHO MEDICAL CLINIC**

## ORDER

Pending is Defendant's Motion to Dismiss.[1]  Plaintiff has responded.[2]  For the reasons set out below, Defendant's Motion is DENIED.

**I.    BACKGROUND**

In January, 2006, Rita and Rory Odom (the "Odoms") allegedly approached Defendant to open a spa that would provide dermatologic laser treatments.[3]  This resulted in the incorporation of Beautiful Reflections Medspa, Inc. ("Beautiful Reflections") on or around June 21, 2006.[4]  Defendant received 24% of the stock in Beautiful Reflections, Linda Pledger (Defendant's wife) 26%, and the Odoms, collectively, 50%.[5]

On May 11, 2006, before the incorporation of Beautiful Reflections, Plaintiff and Defendant entered into a lease agreement ("Lease Agreement") for the lease of a Cynosure

---

[1]Doc. No. 2.

[2]Doc. No. 6.

[3]Doc. No. 2.

[4]Doc. No. 6-5.

[5]*Id.*

1

Apogee Elite Laser System and Tri-Active System for a term of 60 months, with monthly payments of $3,880.00.[6] The Lease Agreement reads, in relevant part:

> PERSONAL GUARANTY. . . . In consideration of our entering into the lease agreement identified above ("Lease"), you unconditionally and irrevocably guarantee to us, our successors and [illegible] the prompt payment and performance of all obligations of the Customer identified above ("Lessee") under the Lease. You agree that this is a guaranty of payment and not of collection, and that we can proceed directly [illegible] and demand. . . . If the Lessee defaults under the Lease, you will immediately perform [illegible] obligation of the Lessee under the Lease, including, but not limited to, paying all amounts due under the Lease. You will pay to us all expenses (including attorneys' fees) incurred by us in enforcing our rights against your or the Lessee. . . .You waive any rights to seek repayment from the Lessee in the event you must pay us. If more than one personal guarantor has signed this Personal Guaranty, each of you agree that your liability is joint and several. . . . THIS PERSONAL GUARANTY IS GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY. YOU CONSENT TO THE JURISDICTION OF ANY LOCAL, STATE, OR FEDERAL COURT LOCATED WITHIN NEW JERSEY. YOU EXPRESSLY WAIVE ANY RIGHT TO A JURY TRIAL.[7]
>
> 11. ASSIGNMENT. YOU MAY NOT ASSIGN, SELL, TRANSFER OR SUBLEASE THE EQUIPMENT OR YOUR INTEREST IN THIS LEASE. WE MAY, WITHOUT NOTIFYING YOU, SELL ASSIGN, OR TRANSFER THIS LEASE AND OUR RIGHTS TO THE EQUIPMENT.[8]

The Lease Agreement identified Defendant as the customer, and Defendant -- and only Defendant -- signed the Terms and Conditions section of the Lease Agreement, as well as the Personal Guaranty.[9] Defendant also initialed page two of the Lease Agreement, which included the assignment provision.[10]

Around August 9, 2006, after the incorporation of Beautiful Reflections, Defendant and Plaintiff executed an amendment ("Amendment") to the Lease Agreement, adding three other

---

[6]Doc. Nos. 1, 2-2, 6-2.

[7]Doc. No. 6-2 (emphasis in original).

[8]*Id.* (emphasis in original).

[9]*Id.*

[10]*Id.*

2

pieces of equipment.[11] Under the terms of the Amendment, Defendant agreed to pay Plaintiff $4,217.00 each month for 60 months.[12]

Defendant signed the Delivery and Acceptance Certificate on August 28, 2006.[13] The Delivery and Acceptance Certificate authorized Plaintiff to purchase the equipment identified in the Lease Agreement and start billing Defendant under the Lease Agreement.[14] Plaintiff purchased the equipment, and some payments were made under the Lease Agreement.[15]

On August 27, 2007, the Odoms, Defendant, and Linda Pledger signed a document that reads: "[T]his is to certify that [Defendant] and Linda Pledger will be released from liability of laser lease, building lease, and any other liability, free and clear, contingent on transfer of stock ownership."[16] Defendant and Mrs. Pledger surrendered their stock in Beautiful Reflections to the Odoms.[17]

In early December, 2008, Defendant sued the Odoms in Pulaski County Circuit Court in connection with the leased equipment.[18] That litigation is on-going.

Plaintiff in this action sued Defendant on July 10, 2009. Plaintiff contends that Defendant failed to make payments under the lease, and alleged breach of contract and personal

---

[11]Doc. No. 6-3.

[12]*Id.*

[13]Doc. No. 1.

[14]*Id.*

[15]*Id.*

[16]Doc. No. 6-5.

[17]*Id.*

[18]*Dr. Norman Pledger, et al. v. Rita M. Odom, et al.*, No. CV 08-13290, Circuit Court of Pulaski County, AR.

3

guaranty.[19]  According to Defendant, "there is a question as to precisely who is responsible to Plaintiff for payment on the lease," and he is danger of "inconsistent remedies if the result in this court varies wildly from that reached in the in-progress state proceedings."[20]  Accordingly, Defendant asserts that Plaintiff's Complaint should be dismissed according to Federal Rule of Civil Procedure 12(b)(7) for failure to join required parties -- the Odoms – under Federal Rule of Civil Procedure 19(b).[21]  Alternatively, Defendant asserts that Plaintiff should amend and add the Odoms as parties under rule 19(a)(1).[22]

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(7) allows dismissal of an action for failure to join a required party under Federal Rule of Civil Procedure 19.[23]  "The proponent of a motion to dismiss under Fed. R. Civ. P. 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence."[24]

To dismiss an action under Rule 19, the court must first find, under sub-section (a), that the absent party is both "required" (or "necessary" under the old terminology) and also that

---

[19]Doc. No. 1.

[20]Doc. No. 4.

[21]Doc. No. 2.

[22]Doc. No. 9.

[23]Fed. R. Civ. P. 12(b)(7).

[24]*De Wit v. Firstar Corp.*, 879 F.Supp. 947, 992 (N.D. Iowa 1995).

joinder is not "feasible."[25]  Only then can the court turn to sub-section (b) to determine whether, "in equity and good conscience, the action must proceed among the existing parties or should be dismissed."[26]  In other words, a 12(b)(7) motion to dismiss for failure to join a required party under Rule 19 can be granted only when the absent party should be joined, but can not be joined.[27] Defendant must first show that the Odoms are a required party but that joinder is not feasible.

### III. DISCUSSION

#### A. 12(b)(7) Motion

Defendant initially argued that this action should be dismissed because the Odoms are "indispensable" parties under Rule 19.[28]

Defendant, however, has not provided proof that joinder of the Odoms would divest this court of subject-matter jurisdiction, or otherwise be infeasible under Rule 19, sub-section (a). Rather, Defendant apparently concedes that joinder is feasible.[29]  This precludes the possibility of granting a 12(b)(7) motion to dismiss based on Rule 19. Accordingly, Defendant's motion to dismiss is DENIED.

---

[25]See *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984); see also *Republic of Phil. v. Pimentel*, 128 S.Ct. 2180, 2188 (2008) (discussing the change in Rule 19 terminology).

[26]Fed. R. Civ. P. 19(b).

[27]See *Spirit Lake Tribe v. North Dakota,* 262 F.3d 732, 746 (8th Cir. 2001) (Rule 19(b) authorizes a district court to exercise its equitable powers to dismiss an action if a party regarded as 'indispensable' cannot be joined").

[28]Doc. No. 2.

[29]Doc. No. 8-9.


### B. Rule 19 Joinder

The responses and replies to Defendant's 12(b)(7) motion to dismiss have turned to arguments concerning a Rule 19 motion to compel joinder. Defendant's arguments to this effect are denied without prejudice.

Plaintiff argues the Odoms should not be joined because the lease agreement names only the current parties.[30] But, the limited facts before the Court present the possibility that Defendant is claiming that the Odoms, or even Beautiful Reflections Medspa, Inc., were somehow a party to the initial contract. And, some of Defendant's assertions raise the possibility of legal issues that do not make for a straight-forward determination of the original or subsequent parties to the lease agreement, despite what is on the face of that contract.

Rule 19 joinder requires a court to make a "highly practical, fact-based decision."[31] I lack sufficient facts to determine the terms, or extent, of the Odoms' relationship with the parties named on the face of the lease agreement.[32] Accordingly, I deny Defendant's request, without prejudice.

---

[30] Doc. No. 6.

[31] *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

[32] See *Yankee Supply Co. v. Steven Cox, Inc.*, No. 4:06-CV-1643 (JCH), 2007 WL 892416 (E.D. Mo., March 22, 2007) (refraining from deciding a Rule 19 motion, where there were incomplete facts to determine if the absent parties were parties to the contract).

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Dismiss is DENIED.  Defendant's Motion for Compulsory Joinder is DENIED without prejudice.

IT IS SO ORDERED this 23rd day of September, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE